UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIOLA BILLOPS,

    Plaintiff,

vs.

Case No. 12-15395
HON. GERSHWIN A. DRAIN

TARGET CORPORATION,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#19], FINDING DEFENDANT'S MOTION TO STRIKE DEPOSITION AND PRECLUDE PLAINTIFF FROM TESTIFYING [#27] MOOT AND FINDING DEFENDANT'S MOTION TO STRIKE CLOSED HEAD INJURY CLAIM [#28] MOOT

**I. INTRODUCTION**

Plaintiff, Riola J. Billops ("Billops"), filed the instant case on July 2, 2012, in the Macomb County Circuit. On December 7, 2012, the claim was removed to this Court on the basis of diversity of citizenship. Presently before the Court is Defendant's, Target Corporation ("Target"), Motion for Summary Judgment [#19], filed on December 3, 2013, Defendant's Motion to Strike Deposition and Preclude Plaintiff from Testifying [#27], filed on January 3, 2014, and Defendant's Motion to Strike Closed Head Injury Claim [#28], filed on January 3, 2014. A hearing was held on February 19, 2014.

For the reasons that follow, the Court will GRANT Defendant's Motion for Summary Judgment and finds Defendant's Motions to Strike MOOT.

**II. FACTUAL BACKGROUND**

Billops alleges that she injured her head and right knee when she tripped and fell to the floor while shopping at the Clinton Township Target on July 5, 2009. Billops claims

she fell on a "puckle"[1] in the carpet at the front of the store. However, when Billops filed a Guest Incident Report with a Target representative, on July 20, 2009, she mentioned that she caught her toe while getting out of an Amigo.[2] Identified store personnel testified that they did not observe any puckle on the rug either before or after Billops fell.

Since her fall, Billops has suffered from significantly increasing dementia symptoms, which have resulted in her being hospitalized on numerous occasions. Plaintiff also had knee surgery.[3]

## III.   LEGAL ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 56(a) permits a party to:

> [M]ove for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has affirmed the use of summary judgment and recognized it as an integral part of the fair and efficient administration of justice. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

---

[1] Both Parties use the term "puckle" to refer to "loose carpet bunched up."

[2] An "Amigo" is a motorized power chair.

[3] Billops's testimony indicates that her doctor told her before the fall that the knee surgery was in her future. Additionally, Vaqar Siddiqui, M.D., the doctor who diagnosed Billops with having a closed head injury, testified at his deposition that he just assumed Billops had such an injury because she told him that her symptoms started after the accident. *See* Dkt. No. 28-1 at 19-20. However, Dr. Siddiqui has done no scientific testing, nor does he have any facts to support this theory.

The party seeking summary judgment "bears the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden then shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). The evidence presented must be such on which a jury could reasonably find for the plaintiff; mere denials, unsupported allegations, or speculations will not be enough to meet this burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### B. Evidence of an Unsafe Condition

A plaintiff alleging negligence has "the burden of producing evidence sufficient to make out a prima facie case." *Whitmore v. Sears, Roebuck & Co.*, 89 Mich. App. 3, 8; 279 N.W.2d 318 (1979). Target argues that Billops presents no evidence of an unsafe condition existing at the time of her accident of which Target knew or had notice of. "[T]he happening of [an] accident alone is not evidence of negligence...negligence may be established by circumstantial evidence, and ...where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts" a prima facie case is made. *Id.* at 9. Billops has failed to present evidence that any Target employees were, or should have been, aware of any problem in the floor in the area where Billops fell, nor any evidence to suggest how long the "puckle" that she claims caused her to trip was there, how it came to be, or how long it might have been in existence

before the accident. Target employee Erica Muragin testified that the store was checked multiple times a day for any problems or trip hazards. If such a problem was discovered, a work order would promptly be filled out and prioritized. No work order was ever written up for the carpet. Moreover, the LOD Investigation Report, completed on July 20, 2009, specifically indicated that the area where Billops fell did not need to be cornered off or cleaned, nor was there any need to warn other customers of a potentially dangerous condition following Billops's accident.

Where there is no evidence that Target knew of the presence of a "puckle" or that it was there for a sufficient amount of time that it could be said Target should have been on notice of the condition, there is no liability on Target for an accident allegedly caused by the condition. Rather, Billops is attempting to build a claim based on impermissible speculation. In *Stefan v. White*, 76 Mich. App. 654, 656; 257 N.W.2d 206 (1977), the plaintiff fell as she stepped off a kitchen floor onto a stoop while exiting a house. The plaintiff did not know why she fell, however, her husband said he saw a piece of metal sticking out of the kitchen floor and theorized that was how his wife fell. *Id.* at 658. The *Stefan* court rejected the theory as impermissible speculation. *Id.* at 661. The same is true in the instant case. Billops claims she saw a "puckle" after her fall and theorized that she fell on it. However, a theory of how an accident occurred is not sufficient to establish a genuine issue of fact. Instead, the non-movant must do more than raise some doubt as to the existence of a fact, they must produce evidence that is sufficient to require the matter be submitted to a jury. *Bunch v. Long John Silvers, Inc.,* 878 F. Supp. 1044, 1046 (E.D. Mich. 1995).

Michigan caselaw provides numerous instances where speculative theories have

been rejected. In *Taylor v. Kroger*, No. 211235, 2000 WL 33421258, *1 (Mich. Ct. App. May 9, 2000), the plaintiff argued she injured her ankle when she slipped on an asphalt ramp outside the grocery store. The *Taylor* court rejected plaintiff's theory when she was unable to produce any evidence that the incident had occurred because of the alleged condition of the premises at issue. *Id.* In *Stephens v. Kroger*, No. 232135, 2002 WL 1999761, *2 (Mich. Ct. App. Aug. 27, 2002), Kroger employees testified that they knew that vegetables were frequently dropped on the floor in the produce department. *Id.* However, the *Stephens* court held that such awareness was not constructive notice of an isolated piece of broccoli on the floor that the plaintiff had slipped on. *Id.* Instead, the court noted that there was no evidence of a specific problem in a specific location, only a general problem in a department. In *Bursey v. AutoZone, Inc.*, No. 254383, 2006 WL 657036, *2 (Mich. Ct. App. Mar. 16, 2006), the court affirmed summary judgment for the defendant where the plaintiff slipped on automotive oil in a parking lot where there was proof that customers replaced oil in defendant's parking lot, sometimes spilled it, and the defendant put Oil Dry out as necessary. The *Bursey* court held that this was not enough to establish constructive notice because there was no evidence to show that the parking lot tended to have oil on it or that the defendant regularly put Oil Dry down. *Id.*

Alternatively, in *Andrews v. Kmart Corp.*, 181 Mich. App. 666, 667; 450 N.W.2d 27(1989), the defendant was held liable when the plaintiff slipped and fell on a rug while she was leaving the store. A store employee testified that the rugs by the exit had a tendency to curl up in the wintertime, and they were routinely replaced with new rugs by the store. *Id.* at 669. The *Andrews* court found that there was constructive notice because the defendant "should have known that the rug was of such a character that it would curl

up in the wintertime, thereby creating an unsafe condition for business invitees." *Id.* at 671-72. In the instant case, there is no evidence that Target had or should have had any notice of the presence of a potentially-dangerous "puckle." Furthermore, outside of Billops claim, no evidence is presented to support that said puckle ever existed. Where the plaintiff cannot adduce sufficient evidence of any dangerous condition, there is no question to submit to the jury on the violation of a duty and summary judgment is appropriate. *Holliday v. Nat'l Dairy Products Corp.*, 50 Mich. App. 366, 369; 213 N.W.2d 289 (1973).

### C. *Res Ipsa Loquitur*

Billops spends a significant amount of time in her briefing emphasizing Target's liability owed to her given her status as an invitee. A landowner owes an invitee an assurance and understanding that reasonable care will be used to prepare the premises and make it safe for the invitee. *Bertgrand v. Alan Ford, Inc.*, 449 Mich. 606, 609; 537 N.W.2d 185 (1995). With an invitee, the duty of the premisses owner extends to conditions known to the landowner and those which he should have discovered by the exercise of reasonable care. *Id.* However, contrary to Billops argument, there is no evidence that Target failed to exercise reasonable care.

Michigan has a version of *res ipsa loquitur* known as "circumstantial evidence of negligence." Under the Michigan approach, an inference of negligence may be inferred solely upon the plaintiff's testimony. *Moncrief v. City of Detroit*, 398 Mich. 181, 192-93; 247 N.W.2d 783 (1976). However, in such a situation, the defendant may attempt to explain away or avoid the inference of negligence and the trial court must subsequently weigh the evidence. *Id.* In *Moncrief*, the court held that while *res ipsa loquitur* was appropriately applied to raise an inference of negligence by a bus driver in a personal injury suit for

damages allegedly resulting from a bus accident, "where the passenger's testimony was generally confused and indefinite and testimony from [the] bus driver was specific and clear" the bus driver is not negligent. *Id.* at 181.

As in *Moncrief*, Billops testimony from the beginning indicates that she was unsure as to how she had fallen. First Billops claimed to have caught her toe, then comments were made about her falling as she got out of her Amigo, finally she stated that there was a puckle on the floor that she tripped over. Alternatively, Target's testimony has been clear from the beginning. Employees testified that the scene of the accident was regularly checked for abnormalities. If any dangers were present, the store's policy is to immediately write up a work order - however there are no such orders regarding the exit area around the time of Billops's fall. Additionally, the employee standing right by Billops when the accident happened noted that she did not see any puckle in the ground before or after the accident occurred. Finally, a subsequent investigation revealed that the area where Billops fell required no maintenance nor were warning required to alert future customers of a dangerous condition. Where there is no evidence to support a plaintiff's argument, there is no question to submit to the jury as to whether the dangerous condition was present for a sufficient period of time to establish defendant's negligence. *Holliday*, 50 Mich. App. at 369.

**IV.    CONCLUSION**

For the reasons stated above, Defendant's Motion for Summary Judgment [#19] is GRANTED. Defendant's Motions to Strike [#27, #28] are therefore MOOT. This cause of action is dismissed.

SO ORDERED.

Dated: February 28, 2014 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on <u>February 28, 2014</u>.

s/Tanya R. Bankston
TANYA R.BANKSTON
Case Manager & Deputy Clerk