UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RIOLA J. BILLOPS,** *by and through her co-guardians and co-conservators,*<br><br>Plaintiff,<br><br>vs.<br><br>**TARGET CORPORATION**,<br><br>Defendant. | 4:12-CV-15395-TGB-MKM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 45) AND DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION OF PLAINTIFF AS MOOT (ECF NO. 46) |

This matter is before the Court on Plaintiff's motion for relief from the judgment (ECF No. 45). Plaintiff also moves for substitution of the plaintiff due to the passing of Plaintiff Riola Billops.[1] ECF No. 46. For the reasons that follow, Plaintiff's motion for relief from the judgment is **DENIED**. Furthermore, Plaintiff's motion for substitution of plaintiff is **DENIED as moot**.

## I.   BACKGROUND

This case was first filed nearly a decade ago in December 2012 after Defendant Target Corporation ("Target") removed the case from

---

[1] For consistency, and because the Court denies the motion for substitution as moot, the Court uses "Plaintiff" to refer to Ms. Billops, despite understanding that she has unfortunately passed away.

1

Macomb County Circuit Court to federal court. ECF No. 1, PageID.4. Plaintiff alleged that while shopping at a Target store, she tripped and fell over "an unsecured and loose carpet," severely injuring her head and knee. *Id.* at PageID.10–11.

When filed, the case was initially assigned to the Honorable Gershwin A. Drain. On February 28, 2014, Judge Drain granted summary judgment in favor of Target. ECF No 37. Plaintiff neither moved to amend the judgment nor appealed Judge Drain's ruling. Plaintiff now explains that she chose not to appeal because Michigan case law had not clearly settled a "key" issue underlying Plaintiff's negligence claims. ECF No. 45, PageID.704.

Over seven years later in August 2021, Plaintiff's counsel received a letter from the Court Administrator of U.S. District Court for the Eastern District of Michigan notifying them that Judge Drain had disclosed his ownership of Target stock after entry of judgment. ECF No. 42 (sealed). Judge Drain was not aware of this financial conflict when he decided the case, nor did it affect his decision, but it would have required his recusal at the time he oversaw the case. *Id.* In October 2021, after Plaintiff's counsel stated their intent to reopen the case based on Judge Drain's conflict (ECF No. 43 (sealed)), Judge Drain entered an order disqualifying himself from the case and reassigning it to this Court by blind draw. ECF No. 44.

Nearly one year after receiving notice of Judge Drain's conflict, Plaintiff filed the present motion for relief from the February 28, 2014 Judgment. ECF No. 45. In addition to Judge Drain's recusal, Plaintiff also cites a change in law resulting from a recent Michigan Court of Appeals decision as grounds for relief from the Judgment. *Id.* at PageID.703–04. In light of Ms. Billops's untimely passing, Plaintiff has concurrently filed a motion for substitution of plaintiff. ECF No. 46.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) permits relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." A motion made under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). In general, "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1)." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Rule 60(b)(6) serves as a "catchall" provision to provide relief from judgment for reasons that are not explicitly enumerated by Rules 60(b)(1)–(5). *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). Unlike the one-year time limit to file a motion under Rule 60(b)(1), a party must seek relief under Rule 60(b)(6) within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Importantly, "courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity mandate relief.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben.*

3

*Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

### III.  DISCUSSION
**A. Plaintiff's Motion Must Be Considered Under Rule 60(b)(6), Not Rule 60(b)(1)**

Plaintiff's motion does not specify the provisions of Rule 60 under which she is seeking relief. But in quoting from Rule 60, Plaintiff emphasizes the grounds for relief under Rules 60(b)(1) and (b)(6). ECF No. 45, PageID.708. However, because motions under Rule 60(b)(1) must be made within one year of the final judgment from which relief is sought, Plaintiff may only attempt to seek relief under Rule 60(b)(6). Fed. R. Civ. P. 60(c)(1); *see also In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment."). Furthermore "[a] change in the law does not render all decisions made based on the prior law 'mistakes' subject to post-judgment reversal." *Allstate Ins. Co. v. Mich. Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 668 (W.D. Mich. 1991).

Any request for relief under Rule 60(b)(1) here is time-barred. Plaintiff attempts to argue that her motion was filed within one year of wholly irrelevant events including the mailing date of the notice of Judge Drain's conflict, entry of Judge Drain's Disqualification Order, the Supreme Court's decision in *Kemp v. United States*, 142 S. Ct. 1856

(2022), and the Michigan Supreme Court's denial of leave to appeal the purportedly "on point" negligence case. ECF No. 45, PageID.709–10. But Plaintiff seeks relief from the Judgment entered in favor of Target over eight years ago on February 28, 2014. ECF No. 38. Therefore, the Court cannot consider Plaintiff's motion under Rule 60(b)(1), but will address her entitlement to relief under Rule 60(b)(6).

### B. Relief Under Rule 60(b)(6)

While "[m]otions under Rule 60(b)(6) are not subject to [the] additional 1-year constraint" imposed by Rule 60(c)(1), a Rule 60(b)(6) motion must still be filed "within a reasonable time." *Kemp*, 142 S. Ct. at 1861 (quoting Fed. R. Civ. P. 60(c)(1)). Moreover, assuming a Rule 60(b)(6) motion was filed within a reasonable time, the movant cannot prevail unless they present "extraordinary or exceptional circumstances" warranting relief. *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *see also Kemp*, 142 S. Ct. at 1861. Here, Plaintiff has not filed this motion within a reasonable time. And even if her motion was considered timely, she has not identified extraordinary circumstances that justify disturbing a soundly reasoned decision issued over eight years ago.

#### 1. Plaintiff's Motion Was Not Filed Within a "Reasonable Time"

For Rule 60(b)(6) motions, "the 'reasonable time' clock begins ticking when the movant is or should be aware of the factual basis for

5

the motion." *Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249 (6th Cir. 2019). Whether the motion was filed within reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Plaintiff offers two bases for relief from the judgment: (1) the existence of Judge Drain's conflict; and (2) *Shalda v. Redico, LLC*, a recent decision by the Michigan Court of Appeals in a negligence case that Plaintiff contends is "on point" regarding her claims. For "reasonable time" purposes, Plaintiff's counsel became aware of Judge Drain's conflict by mid-to-late August 2021 when they received and responded to the letter disclosing the issue. ECF Nos. 42, 43. And giving Plaintiff the most favorable time frame on her change in law argument, the "reasonable time" clock started running when the Michigan Supreme Court denied leave to appeal the *Shalda* decision on January 26, 2022. ECF No. 45, PageID.709; *Shalda v. Redico, LLC*, 969 N.W.2d 4 (Mich. 2022).

Plaintiff filed the present motion over 11 months after first receiving notice of Judge Drain's conflict in August 2021, and over six months after the Michigan Supreme Court denied leave in *Shalda*. Despite the considerable time-lapse, Plaintiff offers no reasons for such a substantial delay. Plaintiff's counsel explains that after contacting

6

Plaintiff's relatives about Judge Drain's conflict, they learned of Ms. Billops's passing. ECF No. 45, PageID.704. While the necessary step of substituting the plaintiff added some reasonable delay, Plaintiff's relatives appear to have completed the probate process by December 15, 2021, thus allowing Ms. Billops's daughter to be readily substituted. Plaintiff's Motion to Substitute, ECF No. 46, PageID.739. Plaintiff's counsel provides no explanation for why it took nearly eight more months to file this relatively straightforward motion. Even assuming it was reasonable for Plaintiff's counsel to wait for the Michigan Supreme Court's decision in *Shalda*, Plaintiff's counsel still does not explain why it took over six months to file this motion after that point.[2]

In sum, with respect to Judge Drain's conflict, Plaintiff's counsel was in possession of all the pertinent facts and procedural grounds necessary to file this motion by mid-December 2021, if they genuinely believed that the conflict alone should warrant relief from the Judgment. And just a few weeks later, by January 26, 2022 when the Michigan Supreme Court denied leave to appeal in *Shalda*, Plaintiff could have briefed change in law as a basis for relief in short order.

---

[2] The Court also notes that if Plaintiff's counsel felt compelled to wait until the Michigan Supreme Court decided whether to grant leave in *Shalda* before filing this motion, this strongly suggests that they perceived Judge Drain's recusal itself to be insufficient grounds for relief. But again, Plaintiff has provided no reasonable justification for the significant delay in filing the present motion.

Simply offering a bald contention that this motion was filed within reasonable time is insufficient. In the absence of any reasoned explanation for a six-month delay, Plaintiff's Rule 60(b)(6) motion is untimely. *See Ghaleb*, 770 F. App'x at 250 (Rule 60(b)(6) motion was untimely where the plaintiff "fail[ed] to adequately explain the five-month gap" between the plaintiff's notice of the factual basis for the motion and filing, especially because the court was "not convinced that a reasonable attorney would need five months to prepare this motion"); *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 313 (6th Cir. 2019) (Rule 60(b)(6) motion was untimely where the plaintiff was on notice of purported legal reasoning errors "almost eleven months before his Rule 60(b)(6) motion and "offers no reason for his delay"); *Psychopathic Recs., Inc. v. Anderson*, No. 08-13407, 2010 WL 2510992, at *2 (E.D. Mich. June 17, 2010) (Rule 60(b)(6) motion was untimely where the plaintiff "d[id] not even attempt to identify any reason for his failure to move to set aside the default judgement until five months after it was entered").

### 2. Plaintiff Has Not Identified Extraordinary Circumstances Warranting Relief

Even if Plaintiff had filed her motion in a timely manner, she still would not meet the requirement of showing extraordinary circumstances warranting Rule 60(b)(6) relief. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."

8

*Agostini v. Felton*, 521 U.S. 203, 239, (1997). "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." *Blue Diamond Coal Co.*, 249 F.3d at 524.

### a. Judge Drain's Recusal Does Not Warrant Relief Under Rule 60(b)(6)

Although Plaintiff's brief does not explicitly connect Judge Drain's recusal to her heavy emphasis on the change in law as a basis for relief, the Court will address whether the recusal could be an additional "special circumstance" or an independent extraordinary reason that may warrant relief under Rule 60(b)(6). In *Liljeberg v. Health Services Acquisition Corp.*, the Supreme Court developed key factors for considering when a judgment should be vacated for a violation of 28 U.S.C. § 455, the statute governing disqualification of federal judges. The Court held that "Rule 60(b)(6) relief is . . . neither categorically available nor categorically unavailable for all § 455(a) violations." 486 U.S. 847, 864 (1988). Instead, before granting Rule 60(b)(6) relief, a court must assess: (1) "the risk of injustice to the parties in the particular case," (2) "the risk that the denial of relief will produce injustice in other cases," and (3) "the risk of undermining the public's confidence in the judicial process." *Id.*

A judge's duty to maintain impartiality and avoid even the appearance of potential bias is central to the fair administration of

9

justice. *See id.* at 865 ("The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."). But as the Supreme Court has made clear, "[t]here need not be a draconian remedy for every violation of § 455(a)," including considering the "harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance." *Id.* at 862.

On this record, the Court simply cannot conclude that Judge Drain's conflict—which Plaintiff characterizes as an "extrajudicial source" of bias, ECF No. 45, PageID.709—led him to "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

First, there is no risk of injustice to Plaintiff here. Judge Drain attested that his previously unknown financial interest in Target did not affect his ability to fairly decide the case. ECF No. 42 (sealed), PageID.690. And Plaintiff offers no evidence that "tie[s] the judge's alleged financial stake . . . with the judge's rulings in this action." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 355 (6th Cir. 2007). While Plaintiff understandably may disagree with the outcome, she chose not to appeal Judge Drain's decision when it was issued, a reasonable strategic choice given the fact that his decision was well-reasoned and legally sound. In fact, Plaintiff contends that "[t]he primary problem posed to Plaintiff at the time" was a lack of "'directly on point' Michigan

10

case law on open and obvious" hazards. ECF No. 45, PageID.704. Judge Drain's opinion did not patently disregard controlling case law or in any way suggest "deep-seated favoritism" to the benefit of Target. Absent "facts that might reasonably cause an objective observer to question" Judge Drain's impartiality, Plaintiff cannot demonstrate a risk of injustice. *Liljeberg*, 486 U.S. at 865.

Second, for similar reasons, there is no risk of injustice to future litigants or risk of undermining public confidence in the judiciary. Under the circumstances presented here, "allowing the judgment to stand . . . will not be encouraging judges in future cases to ignore grounds for disqualification." *Duke v. Pfizer, Inc.*, No. 87-1976, 1989 WL 8124, at *3 (6th Cir. Jan. 26, 1989). Moreover, "denying relief will not undermine the public's confidence in the judicial process, since a reasonable member of the public, knowing and weighing all the relevant facts, would conclude that [Plaintiff] was fairly dealt with by the judicial process." *Id.*

### b. The Change in Decisional Law Does Not Warrant Relief Under Rule 60(b)(6)

As noted, "a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co.*, 249 F.3d at 524. Moreover, additional "special circumstances" that warrant relief must generally be connected to the change in law itself. *See Overbee v. Van Waters & Rogers*, 765 F.2d 578,

11

580 (6th Cir. 1985) (finding that "extraordinary circumstances" justified relief based on a change in law because the state supreme court "reversing itself within one year is certainly an unusual occurrence," and the plaintiffs would have prevailed under the new law). But crucially, "a Rule 60(b)(6) motion is not a substitute for an appeal," and cannot be used to rectify potentially "unwise" strategic decisions. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373–74 (6th Cir. 2007).

First, Plaintiff has not identified any special circumstances that are directly related to her change in law argument. Judge Drain's recusal is entirely disconnected from the change in law Plaintiff raises, and Plaintiff agrees that the recusal was merely "coincidental[]" to the Michigan Court of Appeals decision. ECF No. 45, PageID.704.

Second, Plaintiff made a strategic choice not to appeal the August 2014 summary judgment decision, which may have been unwise in retrospect, but certainly does not permit relief under Rule 60(b)(6). Although "[a] party faced with a hoary precedent thus might be forgiven for not challenging it," there was "no controlling authority" that wholly precluded Plaintiff from raising her argument on appeal in 2014. *GenCorp, Inc.*, 477 F.3d at 374. Indeed, Plaintiff identified the "primary problem" with a successful appeal as "the *absence* of clear 'directly on point'" cases with comparable facts. ECF No. 45, PageID.704 (emphasis added). But if Plaintiff was "convinced that the case clearly presented a clear exception to the stated reason for dismissal," *id.*, Plaintiff had

12

every reason to articulate such a theory for the Sixth Circuit's review. Plaintiff chose not to do so.

Furthermore, the Court is not persuaded that the case Plaintiff identifies inevitably commands a different outcome here. Plaintiff is correct that there are factual similarities between her case and *Shalda*. But the *Shalda* court's decision on the carpet pucker being a non-open-and-obvious hazard was based on the facts unique to that case. For example, the *Shalda* court relied on "remarkably clear video from a security camera as well as still photographs" to conclude that a person walking toward the pucker at a different angle than what the cameras captured leaves "a factual question as to whether the rug's condition was open and obvious." *Shalda v. Redico*, LLC, No. 353211, 2021 WL 3234333, at *3 (Mich. Ct. App. July 29, 2021). The court also noted specifically noted that the pucker "may not have been discernible when exiting the elevator," which is what the *Shalda* plaintiff was doing when she fell. *Id*.

Here, Plaintiff claims that the "open and obvious" hazard issue was "key" to her claims. ECF No. 45, PageID.704. But Judge Drain's Order (ECF No. 37) does not use any form of the words "open" or "obvious." And a review of Target's summary judgment briefing reveals that Target did not attempt to raise an open and obvious hazard defense. In fact, as the Court understands it, Target claimed that the carpet pucker never existed, rather than arguing that a pucker

13

constituted an open and obvious hazard. Target's Motion for Summary Judgment, ECF No. 19, PageID.86. Judge Drain reasonably concluded that although Plaintiff testified to seeing a carpet pucker "after her fall and theorized that she fell on it," this belief was merely "speculative" and insufficient to survive summary judgment under Michigan law. ECF No. 37, PageID.678–80. Plaintiff fails to demonstrate how *Shalda* inexorably renders the prior judgment invalid.

Because "changes in the judicial interpretation of the law are common, and necessarily result in divergent judgments," the Court cannot grant extraordinary relief under Rule 60(b)(6) absent genuinely "unusual and extreme" circumstances. *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle*, 910 F.2d at 365). Moreover, a "district court's discretion to vacate the judgment [under Rule 60(b)] is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Having failed to present the requisite extraordinary circumstances for relief here, Plaintiff cannot obtain relief under Rule 60(b)(6).

## IV. CONCLUSION

Plaintiff's arguments do not satisfy the rigorous standards for relief under Rule 60. Plaintiff's motion for relief from the judgment (ECF No. 45) is **DENIED**. Furthermore, Plaintiff's motion to substitute plaintiff and amend the caption (ECF No. 46) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: November 15, 2022    s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE